No. 96-661

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

MONTANA METAL BUILDINGS, INC.,

      Plaintiff and Respondent,

    v.

DAVID A. SHAPIRO, Individually and d/b/a
BRIDGER AVIATION SERVICES,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert Cameron,  Gregory O. Morgan; Morgan, Cameron & Weaver
          Bozeman, Montana

      For Respondent:

          Steven R. Milch; Crowley, Haughey, Hanson, Toole & Dietrich,
          Billings, Montana

          Terry B. Cosgrove, Michael E. Frank; Crowley, Haughey, Hanson, Toole
          & Dietrich,  Helena Montana

Submitted on Briefs: April 3, 1997

Decided: July 15, 1997

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

David A. Shapiro (Shapiro) appeals from the order and decree entered by the Eighteenth Judicial District Court, Gallatin County, which granted the cross-motion for summary judgment filed by Montana Metal Buildings, Inc. (MMB) and foreclosed its construction lien. We reverse.

The issue on appeal is whether the District Court erred in granting MMB's cross-motion for summary judgment.

FACTUAL BACKGROUND

On April 14, 1994, MMB submitted a bid proposal to Shapiro, doing business as Bridger Aviation Services, for the construction of a 60' x 80' metal building on premises leased by Shapiro at the Three Forks Airport. Shapiro accepted the bid proposal and MMB began construction. Thereafter, MMB served a Notice of Claim and Construction Lien (Lien) on Shapiro on July 31, 1995. It specified that MMB claimed a lien against Shapiro's property in the amount of $26,889.43, as the balance due for materials and labor used in the construction of the metal building.

MMB subsequently sued Shapiro in District Court, seeking judgment in the amount of $26,889.43, plus interest on that amount from July 31, 1995, and an order of foreclosure on the Lien. In his answer to the complaint, Shapiro denied that MMB was entitled to the relief requested and affirmatively alleged that he did not owe MMB any additional payments.

Shapiro subsequently moved for summary judgment, asserting that the Lien was fatally flawed and, therefore, unenforceable as a matter of law. The bases for his motion were that the Lien insufficiently described the property to which it purported to attach and that statutory notice requirements had not been met. He filed affidavits in support of his motion. MMB opposed Shapiro's motion, contending that the Lien sufficiently described the property and that the notice provisions did not apply. MMB also filed a cross-motion for summary judgment, relying on its brief in opposition to Shapiro's motion and the affidavit of its president and requesting entry of judgment in its favor against Shapiro for the amounts prayed for in its complaint.

At the hearing on the summary judgment motions, the attorneys for both parties presented their arguments for and against the validity of MMB's Lien. Neither party presented testimony, although MMB entered a photograph of the Bridger Aviation Services building it had constructed for Shapiro into evidence.

The District Court subsequently entered a written order denying Shapiro's motion and granting MMB's motion. The court determined that no issues of material fact existed in the case and decreed that the amounts listed in MMB's complaint were due and

owing,
that they were a first and prior lien on the property and that MMB's Lien be
foreclosed.
The District Court certified its order as a final judgment for purposes of appeal
pursuant
to Rule 54(b), M.R.Civ.P., and Shapiro appeals that portion of the order which
granted
MMB's cross-motion for summary judgment and ordered foreclosure of the Lien.

STANDARD OF REVIEW

Our standard in reviewing a district court's summary judgment ruling is de
novo;
we use the same Rule 56, M.R.Civ.P., criteria as the district court.  Clark v. Eagle
Systems, Inc. (Mont. 1996), 927 P.2d 995, 997, 53 St.Rep. 1150, 1151 (citations
omitted).  Rule 56(c), M.R.Civ.P., provides, in pertinent part, that

> [t]he judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file, together
> with the affidavits, if any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to a judgment as a matter
> of law.

Summary judgment is an extreme remedy which should never be substituted for a trial
if  a material factual controversy exists.  Clark, 927 P.2d at 997 (citations
omitted).

The party seeking summary judgment must establish, in light of the pleadings and
other evidence before the court,  the absence of any genuine issue of material fact
which
would allow the nonmoving party to recover and entitlement to judgment as a matter of
law.  Clark, 927 P.2d at 997-8 (citations omitted).  If, but only if, the party
seeking
summary judgment meets this burden, the nonmoving party must come forward with
substantial and material evidence raising a genuine issue of material fact.  Clark,
927
P.2d at 998 (citation omitted).  "[A]ll reasonable inferences that might be drawn
from the
offered evidence should be drawn in favor of the party who opposed summary
judgment."
Clark, 927 P.2d at 998 (citations omitted).

DISCUSSION

Did the District Court err in granting MMB's cross-motion for summary
judgment?

Shapiro argues that MMB did not establish the absence of genuine issues of
material fact regarding entitlement to the relief prayed for in its complaint.
Specifically,
he contends that MMB presented no testimony or other evidence establishing that he
owed
the amount set forth in MMB's Lien and prayed for in the complaint, or any other
amount.  Because his answer to the complaint put the amount MMB sought to recover
at issue, Shapiro asserts that genuine issues of material fact remain for trial which
preclude summary judgment for MMB.  Thus, we first address whether MMB met its
initial burden as the party moving for summary judgment.

MMB's complaint alleged, in pertinent part, that it had an interest in certain
property by virtue of the Lien attached to, and incorporated by reference in, the
complaint.  It also alleged that Shapiro owed it $26,889.43, plus interest, as

reflected on invoices billed to Shapiro for the labor and materials used in the construction of the metal building. Copies of the invoices also were attached to, and incorporated by reference in, MMB's complaint. As a result of Shapiro's failure to pay, the allegations continued, MMB filed the Lien. The effect of attaching and incorporating the Lien and the invoices is to make those attachments a part of the complaint for all purposes. Rule 10(c), M.R.Civ.P.; see Gallatin Trust and Savings Bank v. Darrah (1968), 152 Mont. 256, 262, 448 P.2d 734, 737.

In his answer to the complaint, Shapiro denied that the described property was subject to MMB's Lien, denied that MMB had an interest in the property and denied that he owed the amount indicated in the invoices. Shapiro affirmatively asserted that he owed no further payments to MMB. The denials and affirmative allegation in Shapiro's answer effectively controverted the factual allegations in MMB's complaint on which its prayer for relief was based, thus putting those allegations in issue. See Rule 8(b), M.R.Civ.P.; Brown v. Ehlert (1992), 255 Mont. 140, 146, 841 P.2d 510, 514.

Rule 56(c), M.R.Civ.P., authorizes summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." It is clear from MMB's complaint and Shapiro's answer in this case that MMB was not entitled to summary judgment based on the pleadings because the allegations on which MMB's prayer for relief was based were put at issue by Shapiro's answer. In other words, the denials of MMB's material allegations in Shapiro's answer created genuine issues of material fact and put MMB to its proof. The question then becomes whether MMB came forward with evidence--via discovery, affidavits or otherwise--to overcome Shapiro's denials and establish the absence of genuine issues of material fact. See Rule 56(c), M.R.Civ. P. We conclude that it did not.

MMB submitted the affidavit of its president, Donald Jones. Jones' affidavit was directed at Shapiro's argument that the Lien was materially defective in that it insufficiently described the property to which it purported to attach; in that regard, Jones stated only that MMB provided materials and labor for the construction of the Bridger Aviation Services metal building and identified the building by location and description. Although MMB's Lien is mentioned in the affidavit, no statements are made therein that Shapiro owed any amount of money to MMB. In addition to the affidavit, MMB admitted a photograph of the Bridger Aviation Services building it had constructed for Shapiro into evidence at the hearing on the summary judgment motions. Like Jones' affidavit, the photograph was advanced solely to counter Shapiro's argument about the sufficiency of the property description.

The only other items of record which relate to MMB's motion for summary judgment are its brief filed in the District Court and its counsel's arguments at the hearing. The brief and arguments also related solely to whether MMB's Lien was, as Shapiro contended, materially defective; they did not touch on MMB's entitlement to judgment in the amounts prayed for in the complaint. In any event, however, proof is required to establish the absence of genuine issues of material fact; a party may not rely on the arguments of counsel. City of Bozeman v. AIU Ins. Co. (1993), 262 Mont. 370, 378, 865 P.2d 268, 273.

MMB contends that it presented the District Court with an appropriate evidentiary basis to establish the absence of genuine issues of material fact in the form of the Lien and the invoices attached to its complaint. These documents were not attached to MMB's briefs submitted on the summary judgment motions, were not otherwise filed by MMB and were not admitted into evidence at the hearing on the motions. While MMB's argument in this regard is not altogether clear, it is clear that the Lien and the invoices became part of the complaint, as discussed above, and were not separately filed or submitted by MMB. To that extent, they were not evidence of the matters contained therein, but merely allegations of the complaint. See Gallatin Trust and Savings Bank, 448 P.2d at 737. Moreover, as discussed above, the denials of those allegations in Shapiro's answer put the allegations at issue and required additional proof by MMB of the absence of genuine issues of material fact. MMB advanced no such additional proof.

MMB also argues that, since Shapiro did not object to the documents attached to its complaint and which it purports to have used as the basis for its cross-motion, he "waived any right to object to the evidentiary basis in support of MMB's cross-motion for summary judgment." We observe that this argument presupposes the existence in the record of an evidentiary basis for MMB's motion separate and apart from the complaint and attachments thereto. As previously noted, no such evidentiary basis exists in the record. As a result, we need not address the cases on which MMB relies for its waiver theory.

As the party moving for summary judgment, MMB had the initial burden of producing evidence to establish the absence of any genuine issue of material fact with regard to its entitlement to judgment as a matter of law on its complaint. See HKM Assoc. v. Northwest Pipe Fittings, Inc. (1995), 272 Mont. 187, 193, 900 P.2d 302, 305. It could not rely on the allegations in its complaint, where those allegations had been denied, or the arguments of its counsel. See AIU Ins. Co., 865 P.2d at 273. The record reflects that MMB did not satisfy its burden.

The District Court determined that, as a result of the cross-motions for summary judgment, no issues of material fact existed. However, the fact that both parties have

moved for summary judgment does not establish, in and of itself, the absence of genuine issues of material fact. Duensing v. Traveler's Companies (1993), 257 Mont. 376, 385, 849 P.2d 203, 209. Cross-motions for summary judgment may support a conclusion that no genuine issues of material fact exist when the parties are moving for summary judgment on precisely the same legal issue or theory. In this case, for example, had MMB moved for partial summary judgment on the sole issue of the legal validity of its Lien, its cross-motion may have sufficiently mirrored Shapiro's motion so as to support the District Court's determination that the mere existence of the cross-motions established the absence of material factual issues.Here, however, MMB's motion for summary judgment went beyond asserting entitlement to judgment on the issue of the legal validity of its Lien. It requested judgment for the dollar amounts and other relief prayed for in the complaint and, thus, brought into issue whether Shapiro was actually indebted to MMB for those amounts. As a result, MMB bore the burden of establishing the absence of genuine issues of material fact regarding the amounts owed by Shapiro and, as discussed above, it did not satisfy that burden. The District Court's misapprehension that cross-motions for summary judgment necessarily preclude the existence of genuine issues of material fact led it into error in this case.

We hold that the District Court erred in granting MMB's cross-motion for summary judgment and in ordering that MMB's Lien be foreclosed.

Reversed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ WILLIAM E. HUNT, SR.