No. 98-088

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 217

RON and SHARON NASON, d/b/a
PLEASANT VIEW TRAILER COURT,

        Plaintiffs, Respondents and
           Cross-Appellants,

   v.

KENNETH E. LEISTIKO and
DAVINE S. GRESHAM, a/k/a
DAVINE S. LEISTIKO,

        Defendants, Appellants and
           Cross-Respondents.

FILED

SEP 03 1998

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
                   In and for the County of Lewis & Clark,
                   The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

       John J. Oitzinger, Attorney at Law, Helena, Montana

      For Respondents:

       James A. Rice, Jr.; Jackson & Rice, Helena, Montana

       James T. Harrison, Jr.; Harrison, Loendorf, Poston & Duncan,
       Helena, Montana

Submitted on Briefs: June 11, 1998

Decided: September 3, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Kenneth E. and Davine S. Leistiko (the Leistikos) appeal from the judgment entered by the First Judicial District Court, Lewis and Clark County, on its Findings of Fact, Conclusions of Law and Order granting Ron and Sharon Nason (the Nasons) possession of Lot K in the Nasons' trailer court, ordering the Leistikos to remove their trailer from the lot, and awarding costs and attorney's fees to the Nasons. The Leistikos raise the following issues on appeal:

¶2 1. Were the Nasons' written notices of the Leistikos' noncompliance with the rental agreement materially defective?

¶3 2. Did the District Court err in concluding that the Nasons were not required to accept the Leistikos' tender of the past-due rent?

¶4 The Nasons raise two issues on cross-appeal. In addition, they contend that the Leistikos failed to timely raise the issue of defective notices of noncompliance in the District Court and, as a result, failed to preserve this issue for appeal. Moreover, the Nasons request the withdrawal of their cross-appeal in the event we decline to address the merits of the Leistikos' appeal.

¶5 For the reasons discussed below, we conclude that the Leistikos did not timely raise the issue of whether the notices of noncompliance were defective in the District Court and that issue is not properly before us. Moreover, we conclude that the Leistikos' second issue

2

is premised on their succeeding on the first issue. Consequently, we do not address the merits of the Leistikos' issues on appeal, we deem the Nasons' cross-appeal withdrawn and we affirm the District Court.

## BACKGROUND

¶6 The Nasons own the Pleasant View Trailer Court located in Lewis and Clark County, Montana. In May of 1994, the Leistikos purchased a mobile home situated on Lot K of the Nasons' trailer court. When the Leistikos moved into the mobile home, they signed a rental agreement for the lot space.

¶7 On October 18, 1996, the Nasons sent the Leistikos three notices stating that the Leistikos were not in compliance with the rental agreement. The first notice related to rent which allegedly was past due and requested payment of the amount due within 15 days. The second notice related to an addition to the Leistikos' mobile home which purportedly violated county spacing regulations and requested the Leistikos to either remove or modify the addition within 14 days. The third notice stated that the mobile home's porch addition was built over the septic tank, impaired access to the tank and must be removed within 3 days. The Leistikos did not timely correct any of the noncompliances set forth in the notices and, on November 4, 1996, the Nasons' attorney advised the Leistikos in writing that the rental agreement was terminated. Thereafter, the Leistikos tendered payment of $110 for the past-due rent, but the Nasons refused to accept it.

3

¶8 The Nasons subsequently filed an action in Lewis and Clark County Justice Court alleging that the Leistikos had breached the rental agreement; they sought to evict the Leistikos from the trailer court. The Leistikos answered the complaint, raised eight affirmative defenses and asserted seven counterclaims against the Nasons. They also moved to have the case removed to the District Court because the damages requested in their counterclaims exceeded the Justice Court's jurisdictional limit. The Nasons did not oppose the motion and the Justice Court ordered the case removed to the District Court.

¶9 The District Court bifurcated the Leistikos' counterclaims from the Nasons' eviction action and held a bench trial on the eviction-related issues. Thereafter, it issued its Findings of Fact, Conclusions of Law and Order, concluding that the Leistikos had breached the rental agreement by not paying the past-due rent, after repeated requests for payment, but had not otherwise breached the rental agreement. It ordered the Leistikos to remove their mobile home from the trailer court lot within 20 days of the date of the judgment. Judgment was entered accordingly and stayed pending the Leistikos' appeal and the Nasons' cross-appeal.

## DISCUSSION

¶10 1. Were the Nasons' written notices of the Leistikos' noncompliance with the rental agreement materially defective?

¶11 The Leistikos argue that the Nasons' eviction action should have been dismissed because the noncompliance notices were defective in failing to adequately specify the acts and omissions which constituted noncompliance, as required by § 70-24-422, MCA. In response, the Nasons raise the threshold questions of whether the Leistikos timely raised the

4

issue regarding defective notices in the District Court and, consequently, whether that issue is properly before us. It is well-established that we will not address issues on appeal which were not properly raised in the district court. See, e.g, Nitzel v. Wickman (1997), 283 Mont. 304, 313, 940 P.2d 451, 456. As a result, it is necessary to resolve the Nasons' threshold questions at the outset.

¶12 Relying on Marsh v. Overland (1995), 274 Mont. 21, 905 P.2d 1088, the Nasons argue that, because the Leistikos did not raise the issue of whether the noncompliance notices were defective until their post-trial brief and proposed findings of fact, conclusions of law and order, they did not timely raise the issue in the District Court and cannot now appeal on that basis. They further point out that the District Court did not address this issue in its Findings of Fact, Conclusions of Law and Order.

¶13 In Marsh, the plaintiff attempted to argue on appeal an issue raised in the district court only in his post-hearing memorandum and not addressed in the district court's order. The plaintiff had not raised the issue in his complaint, did not address the issue at the district court hearing and did not move to amend his complaint to conform to any evidence presented relating to the issue. We held that, under those circumstances, the issue had not been timely raised in the district court and could not be raised on appeal. Marsh, 274 Mont. at 29, 905 P.2d at 1093.

¶14 The Leistikos concede that they did not present any argument in the District Court regarding the sufficiency of the noncompliance notices until their post-trial submissions to

the court. They contend, however, that the sufficiency of the notices was controverted in the pleadings and, therefore, effectively raised as an issue prior to the bench trial.

¶15 Paragraph 5 of the Nasons' complaint alleged that

> [o]n or about October 18, 1996, Plaintiffs gave written notice, sent by certified mail, to Defendants of three violations of the terms of the rental agreement, including failure to pay the increased rate of rent after proper notice, and two notices regarding the placement of additions on Defendants' mobile home which violated spacing requirements of the court and of state law. A copy of the three notices sent to the Defendants are attached hereto as Exhibits B, C, and D.

Each of the appended notices stated that it was given in compliance with § 70-24-422, MCA, which requires that the notice specify the acts and omissions constituting the breach of a rental agreement. See § 70-24-422(1), MCA. The Leistikos answered the allegations in Paragraph 5 by stating that they "deny the allegations of Paragraph 5 except admit they received copies of the items attached as Exhibits B, C, and D to the complaint." They also alleged, as an affirmative defense, that they had paid or tendered all amounts due under the rental agreement. Relying on Montana Metal Buildings, Inc. v. Shapiro (1997), 283 Mont. 471, 942 P.2d 694, the Leistikos contend that the denial and affirmative allegation in their answer timely put the sufficiency of the noncompliance notices at issue and adequately preserved that issue for appeal.

¶16 In Montana Metal Buildings, the plaintiff alleged in its complaint that the defendant owed it a specific amount of money as reflected in invoices appended to the complaint. In his answer, the defendant specifically denied that he owed plaintiff the amount stated in the

appended invoices and affirmatively alleged that he owed no money to the plaintiff. Montana Metal Buildings, 283 Mont. at 475, 942 P.2d at 697. The district court granted summary judgment to the plaintiff, concluding that no genuine issues of material fact existed with regard to the defendant's liability for the amounts listed in the complaint. Montana Metal Buildings, 283 Mont. at 474, 942 P.2d at 696. We reversed on appeal, concluding that the defendant's denial and affirmative allegation effectively controverted the factual allegations in the complaint, putting those allegations in issue, and created genuine issues of material fact which put the plaintiff to its proof. Montana Metal Buildings, 283 Mont. at 475-76, 942 P.2d at 697.

¶17 Here, however, the Leistikos did not specifically deny that the notices complied with § 70-24-422, MCA. Nor did they affirmatively assert that the notices were defective in failing to sufficiently describe the acts or omissions constituting breaches of the rental agreement. The Leistikos merely denied the factual allegations contained in Paragraph 5 of the complaint which, as set forth above, related to the circumstances surrounding the giving of the notices of noncompliance. Furthermore, while their affirmative allegation that they had paid or tendered the past-due rent controverted any allegation that they had breached the rental agreement in that regard, it did not equate to an allegation that the related notice of noncompliance insufficiently specified the act or omission constituting the breach. Thus, the Leistikos' answer did not specifically controvert the statutory sufficiency of the notices in the same manner that the defendant in Montana Metal Buildings specifically put into issue

7

the amount of money alleged to be owed. See Montana Metal Buildings, 283 Mont. at 475, 942 P.2d at 697. We conclude that Montana Metal Buildings is distinguishable from the present case and does not support the Leistikos' assertion that they raised the sufficiency of the noncompliance notices in their answer to the complaint.

¶18 We concluded in Marsh that where a party fails to raise an issue in the pleadings, does not present argument on the issue during the hearing on the merits of the case, does not move to amend the pleadings to conform to any evidence presented and raises the issue for the first time in a post-hearing memorandum which the district court does not address in its order, the issue has not been timely raised and may not be raised on appeal. Marsh, 274 Mont. at 29, 905 P.2d at 1093. The same circumstances are before us in the present case. The Leistikos did not controvert the sufficiency of the noncompliance notices in their answer and they concede that they did not argue or otherwise raise the issue of whether the noncompliance notices sufficiently specified the acts or omissions constituting the breach of the rental agreement until their post-trial submissions to the District Court. Nor did they move to amend the pleadings to conform to any evidence which may have been presented at trial regarding this issue. Finally, the District Court did not address the Leistikos' argument in this regard in its Findings of Fact, Conclusions of Law and Order. We conclude that the Leistikos failed to timely raise this issue in the District Court and, therefore, cannot raise the issue on appeal. See Marsh, 274 Mont. at 29, 905 P.2d at 1093. Thus, we decline to address whether the notices of noncompliance were sufficient under § 70-24-422, MCA.

8

¶19 2. Did the District Court err in concluding that the Nasons were not required to accept the Leistikos' tender of the past-due rent?

¶20 The District Court concluded that the Leistikos' November 11, 1996, tender of $110 for the past-due rent was made subsequent to the termination of the rental agreement and, as a result, that the Nasons were not required to accept the tender. The Leistikos argue that the District Court erred in this regard because the notices were statutorily defective and did not operate to terminate the rental agreement. With the rental agreement still in effect, then, they contend that the Nasons were required to accept their tender of payment.

¶21 The problem with the Leistikos' arguments under this issue is that they are premised on a conclusion that the notices were defective. We declined to address whether the notices were defective above, on the basis that the issue was not properly raised in the District Court. Thus, since the necessary predicate to the Leistikos' arguments in this issue--namely, a conclusion that the notices were defective--does not exist, we need not address this issue further.

¶22 The Nasons request that they be allowed to withdraw their cross-appeal in the event we decline to address the merits of the Leistikos' appeal. On the basis of our discussion of the Leistikos' issues on appeal, we deem the Nasons' cross-appeal withdrawn.

¶23 As a final matter, the Nasons request an award of attorney's fees and costs on appeal. Section 70-24-442(1), MCA, authorizes an award of attorney's fees and costs to the prevailing party in an action on a rental agreement. Here, the Nasons prevailed and the District Court awarded them costs and reasonable attorney's fees pursuant to the statute. The

9

Nasons have incurred further attorney's fees and costs in successfully defending this appeal and awarding such fees and costs on appeal is consistent with the District Court's award. See Marsh, 274 Mont. at 30, 905 P.2d at 1093. Therefore, we conclude that the Nasons are entitled to an award of costs and reasonable attorney's fees incurred as a result of this appeal.

¶24 Affirmed and remanded for a determination of reasonable attorney's fees and costs incurred on appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10