No. 99-345

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 336

297 Mont. 415

992 P.2d 840

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RYAN LUCHAU,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steve Fletcher; Bulman Law Associates, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders, Assistant

Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney; Karen Townsend, Deputy Missoula County Attorney, Missoula, Montana

Submitted on Briefs: October 14, 1999

Decided: December 29, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ Appellant Ryan Luchau (Luchau) was charged with violation of § 61-8-410, MCA, for operating a motor vehicle while having an alcohol concentration of .02 or more. Analysis of his breath indicated a concentration of .088. Luchau was 20 years old at the time.

¶ Luchau was found guilty in Missoula County Justice of the Peace Court and subsequently appealed to the District Court, where he contended that § 61-8-410, MCA, was unconstitutional. The District Court rejected his constitutional arguments and he entered a conditional plea of guilty reserving the right to appeal. We affirm the judgment of the District Court.

¶ Luchau raises the following issues on appeal.

¶ 1.  Whether § 61-8-410, MCA, which makes it unlawful for a person under the age of 21 to drive with an alcohol concentration of 0.02 or more, contains a presumption that

violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

¶ 2. Whether § 61-8-410, MCA, violates Equal Protection of the laws by imposing strict liability on persons under 21 years of age for driving with an alcohol concentration of 0.02 or more.

¶ 3. Does § 61-8-410, MCA, establish a causal connection between prohibited conduct and a harmful result as required by § 45-2-201, MCA?

¶ 4. Whether § 61-8-404(1)(a), MCA, which provides that an analysis of a person's blood or breath is admissible as "evidence of any measured amount . . . of alcohol," impermissibly infringes on the authority of courts to determine questions of the admissibility of evidence.

### Standard of Review

¶ The District Court's order denying Luchau's motion to dismiss presents questions of law which are subject to *de novo* review. *See, e.g.*, State v. Koehn, 1998 MT 234, ¶ 9, 291 Mont. 87, ¶ 9, 966 P.2d 143,¶ 9.

### Discussion

¶ 1. Whether § 61-8-410, MCA, which makes it unlawful for a person under the age of 21 to drive with an alcohol concentration of 0.02 or more, contains a presumption that violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

¶ Section 61-8-410, MCA (1997), provides in pertinent part:

> It is unlawful for a person under the age of 21 who has an alcohol concentration of 0.02 or more to drive or be in actual physical control of a vehicle upon the ways of this state open to the public.

¶ Luchau argues that § 61-8-410, MCA, creates a conclusive presumption of guilt if a person registers an alcohol concentration of 0.02 on the breathalizer. He contrasts § 61-8-410, MCA, with § 61-8-401, MCA, and concludes that § 61-8-401, MCA, unlike § 61-8-410, MCA, which presumes guilt, allows the trier of fact to consider the results of the

breathalizer along with other evidence in making a determination as to whether the accused was driving under the influence of alcohol. Luchau reasons that a defendant under § 61-8-410, MCA, should have the same right to challenge the presumption that he was "under the influence."

¶ Luchau's argument fails to recognize the difference between the two statutes. Section 61-8-401, MCA, makes it unlawful for a person who is under the influence of alcohol to drive upon the ways of the state. "Under the influence" means that, as a result of taking alcohol or drugs into the body, "a person's ability to safely operate a motor vehicle has been diminished." Section 61-8-401(3), MCA. Thus, under this statute, the State must prove, as an element of the crime, that a person is under the influence, that is, that his ability has been diminished. In defending against such a charge, a defendant can establish his innocence by showing that his ability to drive was not impaired or diminished. The same is not true under § 61-8-410, MCA, which imposes strict liability for driving with an alcohol concentration of 0.02 or more regardless of whether the accused's ability to drive safely is diminished. In other words, being under the influence of drugs or alcohol is not an element of the offense as defined by § 61-8-410, MCA.

¶ In determining what facts must be proved beyond a reasonable doubt, the state legislature's definition of the elements of the offense is usually dispositive. McMillan v. Pennsylvania (1986), 477 U.S. 79, 85, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67, 75. In State v. Krantz (1991), 241 Mont. 501, 509, 788 P.2d 298, 303, we held that "the decision to designate specified factors as elements of a crime, as affirmative defenses, or as sentencing factors, is fundamentally a decision left to the states."

¶ In arguing that § 61-8-410, MCA, impermissibly shifts the burden of proof for an element of the offense to the defendant, thereby creating a conclusive presumption of guilt, Luchau relies on Sandstrom v. Montana (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L. Ed.2d 39. The United States Supreme Court's decision in *Sandstrom* established "that a jury instruction which shifts to the defendant the burden of proof on a requisite element of mental state violates due process." Montana v. Egelhoff (1996), 518 U.S. 37, 54, 116 S.Ct. 2013, 2022, 135 L.Ed.2d 361, 374. The burden-shifting which gave rise to the concern in *Sandstrom*, however, becomes relevant only when the State requires the accused to prove that which, by virtue of the statutory definition of the crime, the prosecution is required to prove beyond a reasonable doubt. By way of example, we held in City of Missoula v. Shea (1983), 202 Mont. 286, 293-96, 661 P.2d 410, 413-14, that a law which creates a rebuttable presumption that an illegally parked vehicle was parked by its owner will run

afoul of *Sandstrom*, but one imposing strict liability on the owner regardless of who parked the vehicle will not.

¶ In similar fashion, § 61-8-410, MCA, which imposes strict liability upon a driver of less than 21 years of age who has an alcohol concentration of 0.02 or more, regardless of whether his ability to drive is impaired, does not run afoul of *Sandstrom*. Although an alcohol concentration of 0.02 or more is an element of the crime, nothing in § 61-8-410, MCA, creates a factual presumption with respect to when such a concentration is present. Rather, the defendant's alcohol concentration is an element that the State must prove beyond a reasonable doubt. Thus, § 61-8-410, MCA, contains no presumption relating to an element of the offense. In the absence of such a presumption, Luchau's *Sandstrom* argument has no merit.

¶ 2.   Whether § 61-8-410, MCA, violates Equal Protection of the laws by imposing strict liability on persons under 21 years of age for driving with an alcohol concentration of 0.02 or more.

¶ Luchau argues that § 61-8-410, MCA, "discriminates against persons under the age of 21 by allowing them to be charged with what is essentially a DUI without the reciprocal right of proving that their driving was not impaired." This argument, like Luchau's first argument, is premised upon a misunderstanding as to the elements of the offense defined by § 61-8-410, MCA. Section 61-8-410, MCA, imposes liability without regard to whether the driver's ability was impaired or diminished. Thus Luchau, in essence, argues that he should have the right to disprove a non-element of the offense, in other words, impairment of driving ability. There is of course no such right. Whether the accused's ability to operate the vehicle safely was impaired is totally irrelevant to the determination of guilt under § 61-8-410, MCA. The offense, as defined, is simply engaging in the act of driving after having consumed alcohol.

¶ We also understand Luchau to argue that the legislature could have accomplished its goal of "zero tolerance" without eliminating the requirement that the State prove that the driver was impaired, and that, with the enactment of § 61-8-410, MCA, persons under the age of 21 are denied equal protection of the laws as compared with adults charged under § 61-8-401, MCA.

¶ Although Luchau contends that a strict scrutiny analysis is appropriate, his contention is predicated upon his argument that § 61-8-410, MCA, contains an impermissible, burden-

shifting presumption which violates his fundamental right to a fair trial. As discussed above, that is a specious argument and it does not support the application of strict scrutiny analysis. Further, Luchau does not assert that automobile drivers under the age of 21 constitute a suspect class. Thus, the question, such as it is, is whether § 61-8-410, MCA, satisfies the rational basis test. We determine that it does.

¶ Those persons targeted by the statute, unlike persons of 21 years of age or older, are legally forbidden from consuming alcohol. That and the fact that there is a high correlation of injury and death between underage drinking and driving are more than an adequate rational basis for treating underage drivers differently from adult drivers. *Compare* Mary-Karen Niemeier, Note, *Zip, Zero, Zilch: The New Alcohol Tolerance Law for Underage Drivers in Michigan*, 73 U. Det. Mercy L. Rev. 45 (1995) ("Even more startling is the fact that a person under the age of twenty-one is 'twice as likely to die in a[n] alcohol-related crash as an adult over [that] age . . .'"). We hold that § 61-8-410, MCA, does not violate the equal protection of the laws.

¶ 3. Does § 61-8-410, MCA, establish a causal connection between prohibited conduct and a harmful result as required by § 45-2-201, MCA?

¶ Luchau also argues that § 45-2-201, MCA, requires a "harmful result" element be included within § 61-8-410, MCA. We find this argument to be without merit. Section 45-2-201, MCA, does not establish the "elements" of an offense. Rather, it is a definitional statute setting forth the causal relationship between conduct and result for those offenses which, as statutorily defined, require a specific result. It is clear, however, that § 61-8-410, MCA, does not require that any "result" follow from the proscribed conduct. Under the strict liability provisions of § 61-8-410, MCA, Luchau violated the statute by driving with an alcohol concentration of 0.02 or more, regardless of whether his conduct caused injury or damage. Section 45-2-201, MCA, merely addresses instances where a particular result is an element of the crime. *See* Criminal Law Comm'n Comments to Mont. Code Ann. 45-2-201, reprinted in Mont. Code Ann. (Annots.) Title 45, at 78 (1996). Section 45-2-201, MCA, has no application to a prosecution under § 61-8-410, MCA.

¶ 4. Whether § 61-8-404(1)(a), MCA, which provides that an analysis of a person's blood or breath is admissible as "evidence of any measured amount . . . of alcohol," impermissibly infringes on the authority of courts to determine questions of the admissibility of evidence.

¶ The record reflects that, at no time in the Justice or District Court nor on appeal, has Luchau contested the fact that he had an alcohol concentration of .088. Nor did he, prior to appeal, ever challenge the application of § 61-8-404(1)(a), MCA. Luchau now attempts to raise this constitutional challenge on appeal despite not having raised it below.

¶ Under §§ 46-20-104(2) and -701(2), MCA, a failure to raise an objection during the district court proceeding constitutes waiver of the claimed irregularity unless one or more of several narrow statutory exemptions (not argued here) apply. We will not address an issue raised for the first time on appeal. Nason v. Leistiko, 1998 MT 217, ¶ 18, 290 Mont. 460, ¶ 18, 963 P.2d 1279, ¶ 18.

¶ The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER