No. 00-833

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 218N

ROBERT CUMMINGS, d/b/a

CUSTOM CUT CONSTRUCTION,

Plaintiff and Respondent,

v.

LELAND D. PATTON and

TONI M. PATTON,

Defendants and Appellants.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Howard C. Greenwood, Attorney at Law, Hamilton, Montana

For Respondent:

John D. Greef, Greef & Markette, Hamilton, Montana

Submitted on Briefs: May 24, 2001
Decided: November 6, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Leland D. Patton and Toni M. Patton appeal from a judgment entered by the Twenty-First Judicial District Court, Ravalli County, in favor of Robert Cummings, d/b/a Custom Cut Construction. We affirm in part, reverse in part, and remand.

¶3 Cummings, a building contractor, and the Pattons entered into a contract for construction of a residence and garage on the Pattons' property. The contract price was the fixed sum of $148,823.70, less items paid directly by the Pattons and plus amounts for agreed-upon upgrades and work not originally contemplated. The contract provided for "allowances" for certain specified items which would result in adjustments to reflect actual amounts expended either greater or lesser than the corresponding amount contained in the contract. Over the course of the work, the Pattons made progress payments to Cummings in the total amount of $135,442.75.

¶4 As the work progressed, problems arose between the Pattons and Cummings over alleged unsatisfactory work. Ultimately, Cummings ceased working on correcting purported problems and the Pattons withheld the final payment due Cummings under the contract. Cummings filed a construction lien on the property alleging the amount remaining unpaid was $11,927.43, and sued the Pattons to collect that amount plus costs and attorney fees. The Pattons responded and subsequently were permitted to file an amended response and counterclaim. They denied that Cummings performed the contract in its entirety or timely and that he was entitled to the amount asserted. Via counterclaim, they alleged various breaches of the contract by Cummings including failure to complete

the job timely, inadequate workmanship, unacceptable work and inferior materials. The Pattons sought damages for, among other things, the costs they alleged would be incurred to complete the project in compliance with the contract and reasonable construction standards.

¶5 The District Court held a bench trial which resulted in a judgment in Cummings' favor in the amount of $2,801.55. In its extensive findings of fact, the court found that the breakdown in communications between the parties resulted from the hostile work environment created by Leland Patton and that Cummings' failure to fully complete the contract in a workmanlike manner resulted from Leland Patton's failure to give him the reasonable opportunity to do so. The court also adjusted the subtotal bid amount to $130,090.27 for certain "allowances," one modification and work not done; determined the general contractor's fee of 10% of that amount would bring the total to $143,099.30; and ruled that amount would have been due Cummings had the contract been fully performed. Consequently, without further adjustments, and given the amounts already paid to Cummings, the court determined the Pattons would have owed Cummings $7,656.55, rather than the $11,927.43 alleged in Cummings' construction lien. The District Court went on, however, to detail numerous shortcomings and defects in the work performed and to determine that $4,455 in additional costs to cover labor and materials would be necessary for final repairs. It also found that Cummings overcharged the Pattons in the approximate amount of $400 for roofing materials.

¶6 The District Court concluded, based on its extensive findings, that Cummings breached the contract but that his anticipatory breach was due to hostile working conditions created by Leland Patton. It further concluded Cummings has a construction lien on the Pattons' property to secure payment of the net sum of $2,801.55, plus interest and costs, and that Cummings is statutorily entitled to reasonable attorney fees. The Pattons appeal and we affirm in part, reverse in part, and remand for further proceedings.

¶7 The Pattons set forth nine issues on appeal. They challenge several District Court findings of fact. They also argue, with regard to their counterclaim, that Cummings breached the contract by not completing their house on time and that the judgment does not fully address all the defects in the house or adequately compensate them for their damages. They contend Cummings should not have been awarded his costs and attorney fees and, finally, that the District Court improperly allocated trial time.

¶8 Our standard of review of district court findings of fact is whether those findings are

clearly erroneous. Findings are clearly erroneous if they are not supported by substantial credible evidence, if the district court misapprehended the effect of the evidence, or if this Court is left with a definite and firm conviction that a mistake has been made. *Interstate Prod. Credit Ass'n v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

¶9 We conclude that two of the challenged findings are clearly erroneous. In Finding No. 9, the District Court found Cummings' subtotal bid amount should be reduced by $400 because Cummings only partially completed plumbing in the garage. In fact, Cummings' testimony confirmed that the bid for plumbing of the garage should be reduced by $724, as the Pattons assert. Cummings concedes on appeal that the $400 amount in Finding No. 9 is not supported by the evidence. On remand, the District Court is instructed to correct the adjustment for garage plumbing in Finding No. 9 to $724 and to flow the resulting $324 reduction through its calculations, ultimately reducing the amount of Cummings' judgment against the Pattons accordingly.

¶10 The Pattons also challenge a portion of Finding No. 15, contending they are entitled to an additional adjustment for overcharged roofing materials. The District Court determined they were overcharged by "over $400" for such materials, but the evidence appears to support the Pattons' assertion that the overcharge was, in fact, approximately $800. Indeed, Cummings does not dispute the Pattons' version of the evidence in his response. Instead, he contends the District Court did not credit the Pattons for the roofing material overcharge it found existed, so the amount of the overcharge is irrelevant. We disagree.

¶11 The total of the amounts the trial court found necessary to cover final repairs was $4,455. Subtracting that amount from the $7,656.55 to which the court determined Cummings would have been entitled had all work been performed pursuant to the contract, the amount owed Cummings by the Pattons would be $3,201.55. The court determined, however, the Pattons owed Cummings only $2,801.55. Because the District Court found the roofing materials overcharged to be "over $400," and $400 is the difference between $3,201.55 and $2,801.55, we conclude the District Court credited the Pattons with that amount in determining the net amount owed to Cummings. Consequently, the amount of the roofing materials overcharged is relevant.

¶12 As stated above, the record appears to support the Pattons' view that the total overcharge for roofing was $800 rather than $400. Furthermore, Cummings does not dispute the evidence as to that amount. We conclude, therefore, that Finding No. 15I is not supported by substantial credible evidence and is clearly erroneous. On remand, the

District Court is directed to enter amended findings and conclusions as appropriate in this regard, together with any appropriate corresponding amendment to the judgment.

¶13 With regard to other findings challenged by the Pattons, substantial credible evidence via the testimony of Cummings and several of his subcontractors supports the findings that Cummings was not given reasonable opportunity to complete the contract; Cummings was justified in leaving the job site due to the increasingly hostile work environment; and Leland Patton's conduct justified Cummings' anticipatory breach of the contract. We conclude those findings are not otherwise clearly erroneous.

¶14 The Pattons also contend on appeal that Cummings first breached the contract by failing to complete the house by the originally-anticipated completion date. They did not raise this argument in their District Court proposed findings, conclusions, and judgment. We will not consider for the first time on appeal an issue not raised in the district court. *Keller v. Dooling* (1991), 248 Mont. 535, 540, 813 P.2d 437, 441.

¶15 The Pattons also state as an issue whether Cummings breached the contract by leaving the job on March 19, 1998, and not returning. In this regard, the District Court found:

> Cummings was justified in leaving the job site due to the increasingly hostile work environment created by Mr. Patton. Accordingly, Mr. Patton's conduct justified the anticipatory breach by Cummings.

The court made the finding of breach advocated by the Pattons. It further found, however, that Cummings' anticipatory breach was justified, and we concluded above that finding is not clearly erroneous. Consequently, we need not address this issue further.

¶16 The Pattons contend the judgment does not fully address all the defects in the house or adequately compensate them for their damages for Cummings' breach of contract. Specifically, they urge that they will be left with responsibility for supervising--or hiring someone to supervise--the remaining work needed to complete the house and that the court did not award amounts to repair some of the defects it listed. In this regard, we observe that the Pattons do not cite to evidence of record supporting a specific monetary amount for the additional repairs they contend are needed and on which the District Court could have based such awards. Furthermore, the Pattons ignore the trial court's finding that "$1,000 should be adequate for labor and materials to finish/correct other items." Absent specific record evidence establishing error in this finding, none of which is cited by the

Pattons, we conclude they have failed to establish error in this regard.

¶17 The Pattons also argue they have not been "made whole" for Cummings' breach of contract via compensatory damages for that breach and, moreover, that Cummings should not be paid for work he has not done. These arguments ignore the fact that the Pattons ultimately did not prevail on their counterclaim for damages against Cummings for his breach of contract because his anticipatory breach was due to Leland Patton's creation of a hostile work environment. Further, the District Court's calculation of the amount of contractor's fee to which Cummings is entitled awards a fee only for the work completed. It does not include a fee for uncompleted portions of the contract. We hold the Pattons have not established error in this regard.

¶18 The District Court awarded Cummings attorney fees pursuant to § 71-3-124, MCA, which provides for the award of attorney fees necessary to establish a construction lien. The attorney fee award is based on the District Court's conclusion that Cummings has a construction lien on the Pattons' real property. The Pattons base their argument that the attorney fee is improper on their position that Cummings did not establish a lien. Because the District Court concluded otherwise and the Pattons have not established error in that regard, we hold the District Court did not err in awarding the attorney fees.

¶19 Finally, the Pattons point out that the District Court allowed for total trial time of approximately four hours. They do not dispute the overall time allotted. They contend that, while the court acknowledged their counterclaim would require the majority of trial time, it limited each party to two hours for direct and cross-examination. The Pattons contend generally that they were prejudiced by not having sufficient time to present their case.

¶20 There are several problems with the Pattons' contention. First, they do not cite to any objection of record relating to the allocation of trial time. The Pattons' counsel did not object when advised by the District Court that he had three minutes remaining and did not object when, after seeking to call an additional witness, he was advised that all of his time had been used. We conclude that, because the Pattons failed to timely raise this issue in the District Court, they cannot properly raise it on appeal. *See Nason v. Leistiko*, 1998 MT 217, ¶ 18, 290 Mont. 460, ¶ 18, 963 P.2d 1279, ¶ 18.

¶21 Second, the Pattons advance no authority in support of their argument. Such authority is required by Rule 23(a)(4), M.R.App.P. Consequently, we decline to address this argument further.

¶22 Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART