No. 04-010

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 291N

KRISTI FUNKE,

        Plaintiff and Appellant,

    v.

HERB STRONG,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Ninth Judicial District,
                      In and For the County of Pondera, Cause No. DV 2001-54
                      Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Darrell S. Worm; Ogle & Worm, Kalispell, Montana

        For Respondent:

        James C. Bartlett, Attorney at Law, Kalispell, Montana

Submitted on Briefs:  August 17, 2004

Decided:  October 19, 2004

Filed:

_____
                              Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2     Kristi Funke appeals from the decision of the Ninth Judicial District Court, Pondera County, denying her motion for summary judgment and granting summary judgment to Herb Strong.  We affirm.

¶3     The issue is whether the District Court erred in determining that Funke is not entitled to a deficiency judgment to satisfy the balance due on a debt after a foreclosure sale.

¶4     The parties recorded a trust indenture in Pondera County in which they sought to incorporate by reference language from a document recorded in Flathead County.  For that reason, the District Court held the trust indenture defective.  Following *Amsterdam Lumber, Inc. v. Dyksterhouse* (1978), 179 Mont. 133, 139-40, 586 P.2d 705, 709, the court deemed Funke's interest in the property an equitable lien and, because the document recorded in Pondera County did not include any option for foreclosure other than power of sale, determined Funke is not entitled to a deficiency judgment.

¶5     Funke contends the Small Tract Financing Act of Montana provides the right to a deficiency judgment by statute--§ 71-1-304(3), MCA--and does not require that the trust indenture itself provide for deficiency judgment.  Section 71-1-304(3), MCA, however,

2

applies to a trust indenture "executed in conformity with this part." Funke's was not so executed, because trust indentures are subject to all laws relating to mortgages on real property. *See* § 71-1-305, MCA. Recording laws are part of the mortgage laws. *See* § 71-1-203, MCA. Recorded documents may incorporate language or material from other documents, but only other documents recorded in the same county. Section 7-4-2613(2), MCA.

¶6 Funke also argues on appeal that, even if it was not properly recorded, the trust indenture remains valid as between her and Strong. She relies on § 70-21-102, MCA, which states an unrecorded document is valid as between the parties to it. Because she did not raise this argument before the District Court, we will not address it. *Nason v. Leistiko*, 1998 MT 217, ¶ 11, 290 Mont. 460, ¶ 11, 963 P.2d 1279, ¶ 11 (citation omitted).

¶7 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law.

¶8 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER