No. 02-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 17

JAMES P. SLETTELAND, individually and on behalf of
Billings Generation, Inc., a Montana corporation, and
Billings Generation, Inc., as general partner of, and on
behalf of Yellowstone Energy Limited Partnership, a
Montana limited partnership,

        Plaintiffs and Appellants,

    v.

R. LEE ROBERTS, OWEN H. ORNDORFF,
and BILLINGS GENERATION, INC., a Montana
corporation,

        Defendants and Respondents.

R. LEE ROBERTS and OWEN H. ORNDORFF,

        Counterclaimants and Respondents,

JEFFREY L. SMITH,

        Intervening Counterclaimant,
    v.

JAMES P. SLETTELAND,

        Counterclaim Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. BDV-96-1238
                Honorable Jeffrey M. Sherlock, Presiding

COUNSEL OF RECORD:

For Appellant:

Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, Helena, Montana

Bernard M. Althoff and Anne B. Carroll, Satterlee, Stephens, Burke & Burke, LLP, New York, New York

For Respondents:

Ward E. Taleff, Alexander, Baucus, Taleff & Paul, P.C., Great Falls, Montana

Submitted on Briefs:   August 29, 2002

Decided:   February 11, 2003

Filed:

Clerk

2

Justice W. William Leaphart delivered the Opinion of the Court.

¶1  Appellant, James P. Sletteland (Sletteland), appeals the District Court's award of attorney fees to Respondents, Owen H. Orndorff, R. Lee Roberts, and Jeffrey L. Smith (the ORS group).  We affirm.

¶2  This appeal concerns the District Court's award of costs and attorney fees to the ORS group associated with Sletteland's shareholder derivative claim, the ORS group's counterclaim, and the subsequent appeal and cross-appeal of the District Court's decision in the underlying action.  Sletteland claims that the District Court abused its discretion in awarding the total fees and costs requested by the ORS group and presents the following three issues on appeal:

¶3  1. Did the District Court err in awarding attorney fees and costs to the ORS group on the original derivative claim?

¶4  2. Did the District Court err by awarding attorney fees and costs associated with both Sletteland's derivative claim and the ORS group's counterclaim?

¶5  3. Did the District Court err in awarding the ORS group attorney fees and costs associated with the appeal of Sletteland's shareholder derivative claim, the appeal of the counterclaim and subsequent claim for attorney fees?

### Background

¶6  As this is the second time we have considered this case on appeal, the following factual background relates only to the attorney fees dispute.  A more detailed statement of the

factual background can be found in *Sletteland v. Roberts*, 2000 MT 382, 304 Mont. 21, 16 P.3d 1062 (*Sletteland I*).

¶7 Sletteland, Orndorff, Roberts, Smith, and Ron Blendu were equal shareholders of Billings Generation, Inc. (BGI), a closely held Montana corporation. In the fall of 1996, BGI was in negotiations with financial institutions, in an attempt to refinance a portion of its corporate debt at a lower interest rate. This refinancing was critical to the continuation and economic vitality of the corporation and its subsidiary, Yellowstone Energy Limited Partnership (YELP). During that time, Sletteland filed a shareholder derivative claim accusing Orndorff and Roberts of fraudulent conduct and self-dealing. Specifically, the complaint alleged that Orndorff, President of BGI, and Roberts, its Vice President and General Counsel, had charged the corporation excessive legal fees. In turn, Orndorff, Roberts, and Smith, the ORS group, filed a counterclaim alleging that Sletteland had breached his fiduciary duty to the corporation by filing a derivative claim without reasonable grounds, thereby jeopardizing refinancing negotiations. In order to simplify the matter, the District Court bifurcated the claims, with the trial on the derivative claim to precede the trial on the counterclaim. After a bench trial on the derivative claim, the District Court ruled that Orndorff and Roberts had charged BGI excessive legal fees and ordered the two to revise their billing statements for a three-year period. However, following the trial on the ORS group's counterclaim, the District Court ruled that Sletteland had breached his fiduciary duty to the corporation by bringing the derivative action in an attempt to derail the corporation's refinancing efforts. Both parties appealed. Ultimately, this Court reversed the District

4

Court's holding that Orndorff and Roberts overcharged the corporation. *See Sletteland I*, ¶ 22. This Court affirmed the District Court's ruling that Sletteland had breached his fiduciary duties to the corporation and its shareholders by filing the derivative claim. *See Sletteland I*, ¶¶ 31-33.

¶8 Following our ruling, the ORS group filed a Petition for Reimbursement and Indemnification in District Court seeking attorney fees and costs from Sletteland, or in the alternative, from BGI pursuant to § 35-1-547(2) and (3), MCA. In the petition, the ORS group sought its costs and fees incurred in defending Sletteland's derivative action, as well as those incurred in prosecuting the counterclaim, and defending the appeal. Following a brief hearing on the matter, the District Court awarded the ORS group all of its attorney fees associated with the original derivative action, the counterclaim, and the resulting appeals. The District Court also ruled that, to the extent that the ORS group is unable to obtain payment from Sletteland for the attorney fees and costs awarded, it could seek reimbursement and indemnification from BGI. Sletteland filed this timely appeal.

Standard of Review

**¶9 The standard of review of an award of costs is whether the district court abused its discretion.** *See Laudert v. Richland County Sheriff's Dept.*, 2001 MT 287, ¶ 12, 307 Mont. 403, ¶ 12, 38 P.3d 790, ¶ 12; ***Mularoni v. Bing*, 2001 MT 215, ¶ 22, 306 Mont. 405, ¶ 22, 34 P.3d 497, ¶ 22.** A district court abuses its discretion if its fee award is based on an inaccurate view of the law or if a finding of fact is clearly erroneous. *See Laudert*, ¶ 12; *Ihler v. Chisholm*, 2000 MT 37, ¶ 24, 298 Mont. 254, ¶ 24, 995 P.2d 439, ¶ 24.

I

¶10    Did the District Court err in awarding attorney fees and costs to the ORS group on the original derivative claim?

¶11    First, Sletteland contends that the District Court erred in awarding the ORS group attorney fees under § 35-1-547, MCA, which permits an award of attorney fees in derivative proceedings. The relevant portion of that statute provides as follows:

> On termination of the derivative proceeding, the court may : . . . (2) order the plaintiff to pay defendant's reasonable expenses including attorney fees, incurred in defending the proceeding if it finds that the proceeding was commenced or maintained without reasonable cause or for an improper purpose; or (3) order a party to pay an opposing party's reasonable expenses, including attorney fees, incurred because of the filing of a pleading, motion, or other paper, if it finds that: . . . (b) the filing was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and was interposed for an improper purpose, such as to harass, to cause unnecessary delay, or to cause a needless increase in the cost of litigation.

Section 35-1-547, MCA (emphasis added). In its order awarding the ORS group attorney fees, the District Court concluded that "the original case . . . brought by Sletteland [was] without reasonable cause and for an improper purpose, and that it was not well-grounded in fact." The District Court further concluded that the purpose of Sletteland's derivative claim was to "overturn the refinancing efforts initiated by the ORS group."

¶12    Sletteland contends that his derivative action was filed with reasonable cause, and therefore, an award of fees and costs under § 35-1-547, MCA, to the ORS group is not appropriate. As proof that the derivative claim was reasonable, Sletteland underscores the District Court's initial ruling on the derivative claim in his favor, in which the court held that Orndorff and Roberts had charged BGI excessive legal fees. Sletteland maintains that this

6

"win" at the District Court level precludes an award of attorney fees under § 35-1-547, MCA. Even though this Court later reversed the District Court's judgment on the derivative claim, Sletteland asserts that this fact does not diminish the overall reasonableness of his claim.

¶13 In *Sletteland I*, we held that the District Court abused its discretion in ruling in favor of Sletteland on his derivative action. *See Sletteland I*, ¶ 22. In affirming the District Court's ruling on the ORS group's counterclaim, we upheld the District Court's findings that Sletteland's actions had been a substantial factor in causing the corporation's refinancing attempts to fail. *See Sletteland I*, ¶ 29. In determining whether the derivative claim had been filed with reasonable grounds, the District Court considered that Sletteland had over 15 years experience as an investment banker and that he was licensed to practice law in New York. The District Court concluded that "it only makes sense that he would be expected to know that the filing of his suit alleging director fraud would delay or derail the refinancing . . . there was no particular reason to file this suit when he did. He was asked to withdraw the suit so that the refinancing could conclude, but he refused to do so."

¶14 Sletteland's claim was not reasonable in light of the serious jeopardy in which it placed the corporation and its refinancing efforts. Therefore, we uphold the District Court's finding that Sletteland's derivative claim was "without reasonable cause" and "for an improper purpose," and its award to the ORS group of attorney fees and costs associated with the claim under § 35-1-547, MCA.

¶15    Did the District Court err by awarding attorney fees and costs associated with both Sletteland's derivative claim and the ORS group's counterclaim?

¶16    As mentioned above, § 35-1-547, MCA, allows a court to order the plaintiff to reimburse the defendant for costs and attorney fees incurred in defending a derivative proceeding when the claim is brought without reasonable grounds.  Sletteland submits that even if this Court affirms the District Court's finding that the derivative claim was brought without reasonable grounds,  the District Court nevertheless erred in granting the entire sum of the ORS group's attorney fees when only part of the fees were related to its defense of the derivative claim.  Sletteland contends that the costs and fees associated with the ORS group's defense of the derivative claim are easily differentiated, both by time and by issue,  from those the ORS group incurred in litigating its counterclaim against Sletteland.  Therefore, he maintains that because § 35-1-547, MCA, permits an award for fees for the former, but not the latter, the ORS group is not entitled to the fees and costs for the litigation of the counterclaim.

¶17    The District Court, in awarding fees and costs to the ORS group for both claims, recognized that the counterclaim was not a derivative suit; however, it concluded that "it is impossible for this Court, or anyone else, to precisely differentiate which of the legal fees and court costs claimed by ORS are associated with the original derivative suit and which are associated with the counterclaim."   The District Court relied on the testimony of the ORS group's counsel that "[i]t is extremely difficult to differentiate between time and efforts

expended in defending the claim and asserting the counterclaims." The ORS group also argues that the trial on the counterclaims was a necessary continuance of the initial trial on the derivative claim in order to determine whether Sletteland's suit was brought in good faith.

¶18     In determining an award for statutory attorney fees, a court may grant the prevailing party fees incurred in its litigation of the initial claim and the corresponding counterclaim if the court cannot clearly segregate the attorney's time in litigating both claims. *See Donnes v. Orlando* (1986), 221 Mont. 356, 361-62, 720 P.2d 233, 237. In this instance, the District Court based its conclusion that the fees were not capable of being segregated, in part, on the testimony of Ward Taleff, counsel for the ORS group. Because the derivative claim and counterclaim share a common core of complex facts and interrelated issues, we hold that the District Court did not err in awarding the ORS group fees incurred in litigating both the derivative claim and the counterclaim.

### III

¶19     Did the District Court err in awarding the ORS group attorney fees and costs associated with the appeal of Sletteland's shareholder derivative claim, the appeal of the ORS group's counterclaim and subsequent claim for attorney fees?

¶20     Sletteland contends that the ORS group did not seek fees on appeal pursuant to Rule 32 of the Montana Rules of Appellate Procedure, and thus the members of the group waived their entitlement to fees on appeal. Rule 32, M.R.App.P., permits this Court to award damages when it determines that an appeal is "taken without substantial or reasonable grounds." **As a general rule, we will not impose sanctions pursuant to Rule 32,**

9

**M.R.App.P., unless the appeal is entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system.** *See Snow v. Snow***, 2002 MT 143, ¶ 31, 310 Mont. 260, ¶ 31, 49 P.3d 610, ¶ 31;** *In re Marriage of Moss,* 1999 MT 62, ¶ 41, 293 Mont. 500, ¶ 41, 977 P.2d 322, ¶ 41. Sletteland further asserts that even if the ORS group had requested fees on appeal, the District Court was without authority to award it fees on appeal as no statutory basis for awarding fees on appeal exists.

¶21    The ORS group is quick to point out that it did not request fees on appeal pursuant to Rule 32, M.R.App.P., but rather under § 35-1-547, MCA.  It maintains that § 35-1-547, MCA, permits a defendant to recover "reasonable expenses, including attorney fees, incurred in defending the proceeding," and that a "proceeding" is ongoing until the entire case, including its appeal, is resolved.    Hence, the members of the ORS group argue that by requesting fees under § 35-1-547, MCA, they requested fees on appeal and therefore, the District Court had the statutory authority to award them fees for all stages of the derivative proceeding, including both appeals to this Court.

¶22    In *Nason v. Leistiko*, 1998 MT 217, 290 Mont. 460, 963 P.2d 1279, we affirmed a District Court's award of fees on appeal to the prevailing party.  Like the ORS group, the prevailing party in *Nason* was entitled to statutory attorney fees at the district court's discretion. *See Nason*, ¶ 23.  In affirming the District Court's award, we recognized that the prevailing party had incurred further attorney fees and costs in successfully defending the appeal and, therefore, was entitled to an award of costs and reasonable attorney fees incurred as a result of the appeal. *See Nason*, ¶ 23.

¶23     Here, as in *Nason*, the District Court had statutory authority to award the ORS group fees and costs for the derivative claim and its appeal.  As with the fees related to the derivative claim and the counterclaim, the fees related to the resulting appeal cannot be differentiated.  Therefore, the ORS group is entitled to its total fees on appeal, including the instant appeal for attorney fees.  Accordingly, we hold that the District Court did not err in its award of attorney fees on appeal to the ORS group and remand the matter to it for a determination of fees incurred by the ORS group in the present appeal.


/S/ W. WILLIAM LEAPHART



We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE