No. 90-114

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DANIEL J. FELSKA and ADOLPH L. SOLVIE,
    Plaintiffs and Respondents,

WORLD REALTY LTD., KADON MANAGEMENT CO., LTD., YORK VENTURES, LTD.,
HELUND FOREST CONSULTANTS, RONALD EDWARD LITTLE, DONALD JOHN HENRY
WILLIAMSON, RONALD DOUGLAS VOIGHT, HUGH RADFORD, RAYMOND JOHN
MARCH, ERWIN ROMANUS LETWIN, IAN GRAHAM, NEIL BRUCE MACLEAN, LESLIE
WILLIAM MCKAY YELLAND, and RICHARD STANLEY RUSSELL,
    Intervenors and Appellants,

-vs-

BRIAN GEORGE GOULDING, and all other persons, unknown, claiming or
who might claim any right, title, estate, or interest in or lien
or encumbrance upon the real property described in the complaint,
adverse to the plaintiffs' title thereto, whether such claim or
possible claim be present or contingent,
    Defendants and Respondents.

---

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Ben Berg, Jr., Berg, Lilly, Stokes, Andriolo,
        Tollefsen & Schraudner, Bozeman, Montana

        For Respondent:

        J. Robert Planalp, Bozeman, Montana

---

                        Submitted:  May 30, 1990

                        Decided:    October 25, 1990

Filed:

                                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

This is the second appeal in this Court centered around the Inn of Bozeman. The first appeal is reported as Felska v. Goulding (1989), 238 Mont. 224, 776 P.2d 530 (Felska I). In Felska I, we affirmed the Eighteenth Judicial District Court's order of quiet title of the Inn of Bozeman to the plaintiffs. Previously, the property had been owned by a group of investors from British Columbia, Canada, each of whom held their interests as tenants in common. We remanded a portion of the first appeal to the District Court to determine if a reasonable rate of interest could be applied to post-1983 loans and to determine the legality of retroactive designation of pre-December 1983 advancements as loans.

The District Court on remand concluded that "the retroactive designation of the pre-December 1983 contributions of Co-Owners as 'loans' accruing interest is unlawful and void under the circumstances." Furthermore, the District Court found that it was inappropriate, under the Co-Owner's agreement, to apply a rate of interest to post-1983 loans. The appellants appeal the District Court's order. We modify and affirm.

The following issues are raised on appeal:

1. Whether the District Court correctly concluded that no interest should be charged on post-1983 contributions.

2. Whether the District Court properly concluded that the retroactive designation of pre-1983 contributions of Co-Owners as loans accruing interest is unlawful and void.

A detailed description of the events surrounding this case can be found in <u>Felska I</u>. In this case, we will only review the facts pertinent to the issues on appeal. This case primarily focuses upon the minutes of the December 8, 1983, Co-Owners' meeting, and the loan provisions of the 1977 Co-Owners' agreement. The minutes of the December 8, 1983, meeting state in pertinent part:

. . .

D. Williamson — MOTION: All funds contributed after the initial investment accrue interest at U.S. Prime rate plus 6%/9% and that this interest should be paid out monthly.*

All monies advanced since that time should be secured, if possible, and be treated as loans from partners.

Interest accrued on funds contributed before December 31, 1983, be treated as a portion of the partners loans.

SECONDED: R. March.

MOTION CARRIED.

D. Williamson — MOTION: That a legal opinion be obtained as to whether the above stated plan is enforceable.

SECONDED: R. Little

MOTION CARRIED.

D. Williamson — MOTION: Interest of 25% should be paid monthly to those partners advancing further funds. Interest is to be calculated on: principal and interest to December 31, 1983, plus any additional funds advanced.

SECONDED: V. Nordman

MOTION CARRIED.

*<u>NOTE</u>: The motion was originally given as "interest at Prime plus

3

4%/6%" but because these interest rates were changed at a prior meeting, the appropriate rates are now being reflected.

The 1977 Co-Owners' agreement set forth the following pertinent provisions:

BORROWING PROVISIONS:

21. The Co-Owners shall borrow from time to time all the sums of money required in connection with the carrying on of the Inn, upon the security of the assets of the Inn to the extent possible. The approval of all Co-Owners shall be required when establishing lines of credit or financing with any banks or other financial institutions or private lenders.

LOANS BY CO-OWNERS

22. If at any time a Co-Owner shall properly determine that, in order to protect or preserve any of the properties or other assets of the Inn, additional funds are required to meet the current cash requirements of the Inn and the same are not available from sources already available to the Co-Owners, then any such Co-Owner may, but shall not be obligated to, advance such funds to the Inn or pay such funds to third parties for the benefit of the Inn. Prior to making any such advances, except in cases of real emergency, such Co-Owner shall provide ten (10) days' written notice to the Manager of his intention to so advance funds. Any such advances or payments shall during their existence bear interest at a rate determined by the manager.

I.

**Whether the District Court correctly concluded that no interest should be charged on post-December 1983 contributions.**

The appellants contend the District Court failed to carry-out properly our remand instructions in <u>Felska I.</u> In <u>Felska I</u>, we asked the District Court to determine if a reasonable rate of interest could be charged to post-December 1983 contributions.

4

> However, it is not clear what rate of interest the parties contemplated: (25%, 6%/9% over U.S. prime; or the "highest legal rate"). Nor is it clear what reasonable rate could be applied. We leave these specific questions to the District Court upon remand.

Felska I, 776 P.2d at 536.

Contrary to the appellants' assertions, the District Court properly followed our instructions. The District Court concluded that interest as it was attempted to be charged was inappropriate, and we agree.

The District Court first determined that specific provisions of the Co-Owners' Agreement, i.e., paragraphs 21 and 22, established conditions precedent which must be satisfied before interest could be affixed to either post or pre-December 1983 advances. A review of paragraphs 21 and 22 will reveal that the District Court's findings are correct. Paragraph 21 provides that all Co-Owners must approve any loans with private lenders. Furthermore, paragraph 22 requires 10 day notice when Co-Owners make loans. As the District Court properly notes, "Unanimous concurrence of all Co-Owners regarding either pre or post-December 1983 loans did not occur as required by Paragraph 21; written notice was not given as required by Paragraph 22." Neither Goulding nor his representative was present at the December 3, 1983 meeting; consequently, the vote on the motion to grant interest on post-December 1983 loans was not unanimous as required by paragraph 21. To compound matters, the Co-Owners failed to abide by the notice provisions under paragraph 22.

The minutes of the December 8, 1983 Co-Owners' meeting also

5

support the District Court's conclusion not to allow interest on post-December 1983 loans. The minutes of the December 8, 1983 meeting reflect a great deal of ambiguity as to what interest to apply to post-December 1983 loans. ". . . [I]t is not clear what rate of interest the parties contemplated: (25%, 6%/9% over U.S. prime; or the highest legal rate)." Felska I, 776 P.2d 536.

An attempt under Montana law to charge a usurious interest rate makes the object of the contract unlawful, and thus void under § 28-2-603, MCA. Section 31-1-107(1), MCA, provides for interest rates allowed by agreement of the parties:

> Parties may agree in writing for the payment of any rate of interest not more than 6 percentage points per annum above the prime rate of major New York banks as published in the Wall Street Journal edition dated 3 business days prior to the execution of the agreement, and such interest shall be allowed according to the terms of the agreement.

The designation of any interest rate more than 6% above the prime rate is usurious and, consequently, illegal. In this case, the Co-Owners designated the interest as "6 to 9% above prime" or "25%," both which clearly violate § 31-1-107(1), MCA. Furthermore, § 31-1-107(1), MCA, requires that a writing exist if the parties agree for the payment of any interest rate no more than six percentage points above the prime rate. The statutory requirement of a writing was not met in this case regarding post-December 1983 interest since the only written document showing any discussion of interest by the parties are the minutes of December 8, 1983 meeting. As the District Court properly notes, "'Minutes' are not synonymous with a required writing establishing an interest rate

6

applicable in a financial transaction, and will not satisfy such requirement." Moreover, the minutes do not constitute an agreement. Consequently, even if we found the interest rate was not usurious, the appellants still failed to meet the writing requirement under § 31-1-107(1), MCA.

Appellants argue that § 31-1-107(1), MCA, ". . . is permissive and employs the word 'may' in regard to a writing." We disagree with appellants, and adopt the District Court's findings that § 31-1-107(1), MCA, is not permissive, and that a writing is necessary for the parties to agree to a rate of interest.

The District Court properly concluded that the post-December 1983 loans could not accrue interest because the rates that appellants sought to enforce were usurious and illegal. Furthermore, the District Court found that the Co-Owners violated paragraphs 21 and 22 of their own agreement in attempting to charge a rate of interest on the loans, making the charging of interest inappropriate. Thus, the District Court did exactly what it was directed to do; i.e., decide what rate of interest should be applied. The District Court properly concluded no interest rate could be applied to post-December 1983 loans as any interest rate proposed was illegal under § 31-1-107(1), MCA, and in violation of paragraphs 21 and 22 of the Co-Owners' agreement.

II.

Whether the District Court properly concluded that the retroactive designation of pre-1983 contributions of Co-Owners as loans accruing interest is unlawful and void.

7

Our task to determine if the District Court properly disallowed interest on pre-December 1983 contributions is an easy one, since the same reasoning for disallowing interest on post-December 1983 loans also applies to pre-1983 contributions. Again, the District Court properly found that appellants failed to follow paragraphs 21 and 22 of the Co-Owners' agreement. Unanimous concurrence of all the Co-Owners regarding the charging of interest on pre-December 1983 contribution did not occur as mandated by paragraph 21; written notification was not given as mandated by paragraph 22.

Furthermore, the various interest rates the Co-Owners attempted to charge on the pre-December 1983 loan violated the usury statute § 31-1-107(1), MCA. The minutes of December 8, 1983 meeting show the parties never agreed as to the exact interest rate. Under § 31-1-107(1), MCA, the designation of any interest rate more than six percentage points above prime rate was usurious and illegal under the statute.

Finally, the District Court in its conclusion of law no. 4 realized the drastic effect of interest on the pre-December 1983 contributions would have on Goulding:

> The retroactive designation of pre-1983 contributions has the potential of wiping out the equity of original investors due to the fact that loans with accrued interest would be paid out of the escrow account prior to any other distribution; with such a drastic result occurring as earlier noted, without consent of and notice to all Co-Owners. The seriousness and forfeiture effect of this result triggers equitable principles of law. Equitably speaking, the freedom to contract retroactively cannot run rampant over the property interests and due process rights of one of the original contracting parties

8

who was unaware of the meeting. Principles of equity, under the specific circumstances of this case, prohibit any retroactive designation. Therefore, the Court concludes the retroactive designation of the pre-December 1983 contributions of Co-Owners as "loans" accruing interest is unlawful and void under the circumstances.

We agree with the District Court's conclusion that the effect of granting interest on the pre-December 1983 contribution unjustly deprived Goulding, the largest investor, of recouping any portion of his original investment.

The District Court's conclusion is supported by a letter from Dr. March, a Co-Owner, who attended the December 8, 1983 meeting. In the letter, introduced at trial, Dr. March stated that, ". . . escrow money should be divided in relation to the original equity payments made. On contacting several members of the group, they agreed with my assessment." Dr. March, in the letter, goes on to refute the claims of the Co-Owners on the issue of interest. Dr. March wrote, "Monies related to excessive interest charged, were not raised in a proper fashion, in that according to the agreement for the group, resolutions were not properly circulated." This obvious admission against the appellants' position was considered by the court in its holding.

In its conclusion of law no. 6, the District Court stated: "Financial advances or contributions by Co-Owners made after the December 8, 1983 meeting of the partners should be added to each Co-Owners' capital account. The monies remaining in escrow at this time should be paid out pro-rata, on all such capital accounts."

In Felska I (776 P.2d at 536) the majority of this Court determined that the "evidence supported a loan designation for the

post-December, 1983, advancements." Thus, conclusion of law no. 6 runs counter to what this Court decided in <u>Felska I</u>, and beyond the purpose of the remand from this Court. We modify the District Court's conclusion of law no. 6 to state:

> 6. Financial advances or contributions by Co-owners made after the December 8, 1983 meeting of the partners shall be construed as loans. The monies remaining in escrow at this time should be paid out accordingly as to loans and capital accounts.

We leave it to the District Court to determine if the percentage of Goulding's share of escrowed funds should be changed by reason of this modification.

As so modified, we affirm the District Court.

John C. Sheehy
_____
Justice

We Concur:

J. A. Turnage
_____
Chief Justice

John Conway Harrison

R. C. McDonough

William E. Hunt Sr.

Diane G. Barz

_____
Justices

10