FILED

12/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0131

DA 23-0131

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 254N

ALLEN MUNRO and LINDA MUNRO,

        Plaintiffs and Appellees,

  v.

JOHN MUNRO,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-19-256
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Michael C. Doggett, Doggett Law Offices, PLLC, Helena, Montana

      For Appellee:

        Clark R. Ramsey, Ramsey Law, PLLC, Billings, Montana

                        Submitted on Briefs:  October 25, 2023

                                Decided:  December 27, 2023

Filed:

                    _____
                              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Munro (John) appeals from the Judgment entered in favor of the Appellees, Allen Munro (Allen) and Linda Munro (Linda), by the Thirteenth Judicial District Court, Yellowstone County. The Judgment provided that a jury found John liable for breach of contract and awarded damages of $64,875 to Allen and Linda. The Judgment also provided that a jury found John liable for constructive fraud and awarded damages of $100,000 to Allen and Linda. We affirm.

¶3 In 2017, Allen entered into an oral agreement with his brother John that was later put in writing as evidenced by a bank check. The agreement was to borrow a principal amount of money with interest from Allen and Linda for a short-term, high-investment opportunity that John participated in. The total principal amount Allen gave was $49,700, and the interest rates ranged from 25%-50%. Principal and interest jointly amounted to $64,875 on July 5, 2018—the day both parties agreed to as the final due date. John wrote a check for the total amount and delivered it to Allen and Linda. Allen took the check to his banking institution, Western Heritage Credit Union, and requested they verify whether the bank account related to the check had sufficient funds in it to honor the check. Allen's credit union confirmed that there was not sufficient funds in John's account to honor the

2

check. Allen and Linda then filed suit against John on March 1, 2019. In their initial complaint, they alleged fraud as a cause of action, but they did not allege constructive fraud.

¶4 John argued the check was not meant to pay back a loan because there was no agreement between the parties, rather Allen voluntarily invested in the scheme. John also alleged that Allen coerced and intimidated him to write the check and he did so with Allen's knowledge that the check would only be viable if the business dealings went through. When the investments did not go through, John claims he notified Allen and Linda regarding the progress of the transaction.

¶5 On February 5, 2021, Allen and Linda filed a Motion in Limine seeking to bar John from raising any new defenses not properly raised to that point, to which John did not object. Nearly two years before trial, on March 22, 2021, the District Court issued its Order Granting in Part, Denying in Part, and Reserving in Part Plaintiff's Motion in Limine. The Order precluded John from raising any new defenses that did not comport with M. R. Civ. P. 12. Contrary to this order, John first attempted to raise the defense of illegality and usurious interest in his trial brief on November 25, 2022.

¶6 On December 6, 2022, the District Court entered an Amended Pretrial Order (PTO) that superseded the pleadings and set forth both parties' claims and contentions.[1] The

---

[1] The original PTO was amended as it contained a typographical error. Under "ADDITIONAL ISSUES" the original document provided "However, because attorney's fees are an element of any claim, the parties will present no evidence of attorney's fees at trial." In the Amended PTO this sentence was corrected to read: "However, because attorney's fees are *not* an element of any claim, the parties will present no evidence of attorney's fees at trial." (Emphasis added.) The Amended PTO did not alter the claims or contentions of the parties.

parties did not object to any of the contentions in the PTO, and both signed and approved it. In the PTO, Allen and Linda specifically asserted in their contention number 4 that "[John] perpetrated a fraud upon Plaintiffs]" and in their contention number 5 that "[John] perpetrated a constructive fraud." In turn, John contended he "did not perpetrate a fraud upon Plaintiffs" and "did not perpetrate a constructive fraud." John did not assert the fraud or constructive fraud claims were improperly plead or asserted, did not assert that the court needed to make any legal determination as to their viability in advance of trial, or otherwise object to these claims asserted by Allen and Linda in the PTO. John did not claim the interest rates were illegal or usurious in the PTO, however he did contend "[t]he interest rate(s) Plaintiffs allege they are owed for a 'loan' would exceed the allowed interest rates in Montana, rendering such a 'loan' improper." John also proposed a jury instruction relating to the definition of usury. Allen and Linda objected to the instruction in a motion in limine, but the District Court denied the motion. However, John voluntarily withdrew the instruction during trial. The court then noted John presented no evidence at trial that the interest rate was illegal.

¶7 A jury found John liable for breach of contract and found the damages to be $64,875. The jury also found John liable for constructive fraud and found damages of $100,000. The District Court then entered a Judgment against John providing that he shall pay Allen and Linda the sum of $164,875.

¶8 John raises multiple issues on appeal. First, he argues the agreement entered into by the parties was usurious and illegal. Second, John argues Allen and Linda cannot recover for constructive fraud or fraud because they did not plead those claims with

4

particularity as required by M. R. Civ. P. 9.  Finally, John argues Allen and Linda cannot recover on a constructive fraud claim when the only duty alleged to have been violated was a breach of contract.

¶9     "[W]e review a district court's conclusions of law de novo to determine whether they are correct."  *Giambra v. Kelsey*, 2007 MT 158, ¶ 28, 338 Mont. 19, 162 P.3d 134.  "This Court reviews mixed questions of law and fact de novo."  *Stop Over Spending Mont. v. State*, 2006 MT 178, ¶ 10, 333 Mont. 42, 139 P.3d 788 (citation omitted).  "Mixed questions of law and fact are presented to this Court when the historical facts of a case are admitted or established, the applicable law is undisputed, and the issue is whether the facts satisfy the statutory standard."  *Stop Over Spending Mont.*, ¶ 10 (citations omitted).

¶10    First, John argues the District Court erred by enforcing a usurious contract.  John claims that a contract with a usurious interest rate is void.  According to John, the 25%-50% interest rate charged by Allen and Linda exceeds the Montana usury rate, and therefore the agreement is unenforceable.  John cites *Felska v. Goulding*, 245 Mont. 188, 192, 800 P.2d 161, 164 (1990) in arguing that charging a usurious interest rate makes the object of the contract unlawful, and thus void under § 28-2-603, MCA.  Section 28-2-603, MCA, is a separate statute from usury that provides, "[w]here a contract has but a single object and such object is unlawful, whether in whole or in part, or wholly impossible of performance or so vaguely expressed as to be wholly unascertainable, the entire contract is void."  Section 28-2-603, MCA.

¶11    Allen and Linda argue John failed to plead the affirmative defense of either usury or illegality in his responsive pleading, and therefore waived that defense.  Appellees also

5

argue that, in addition to his waiving the defense, John was prohibited from raising new defenses after the District Court granted Allen and Linda's motion to bar defendant from raising any new defenses not properly raised at that point. Finally, Allen and Linda argue that John withdrew his jury instruction related to usury at the conclusion of the presentation of evidence, and the District Court noted there was no evidence presented at trial that the interest rate was illegal. As such, Allen and Linda assert John cannot raise the issue of a usurious contract on appeal.

¶12 Usury is a defense to a breach of contract claim. *United States Bldg. & Loan Ass'n v. Gardiner*, 87 Mont. 586, 594, 289 P. 555 (1930). If a contract has a usurious interest rate, the penalty is not to void the contract, rather the person charged the interest may recover "a sum double the amount of interest paid." Section 31-1-108, MCA. In responding to a pleading, a party must raise any affirmative defense, including illegality. M. R. Civ. P. 8(c). This Court has held that "it is clear from all the authorities that, if usury may be set up as a defense to an action on the contract, it must be specially pleaded by allegations clearly showing the amount of such usurious interest claimed." *Gardiner*, 87 Mont. 586, at 594, 289 P. 555, at 558. Additionally, a party may not raise new issues for the first time on appeal. The general rule is:

> [W]here a party fails to raise an issue in the pleadings, does not present argument on the issue during the hearing on the merits of the case, does not move to amend the pleadings to conform to any evidence presented and raises the issue for the first time in a post-hearing memorandum which the district court does not address in its order, the issue has not been timely raised and may not be raised on appeal.

*Nason v. Leistiko*, 1998 MT 217, ¶ 18, 290 Mont. 460, 963 P.2d 1279 (citation omitted).

6

¶13     Here, John failed to raise the defense of usury below as an affirmative defense; the first time he raised usury as a defense was not until his Trial Brief on November 25, 2022. John also failed to specifically claim defense based on usury in the PTO which superseded the pleadings, although he did allege in the PTO that the "interest rates Plaintiffs allege they are owed for a 'loan' would exceed the allowed interest rates in Montana, rendering such a 'loan' improper." Despite such, John then failed to present any evidence of usurious interest rates during trial, even though he had the opportunity to do so. As observed by the District Court, there was no:

> evidence in this case that [the] interest is illegal. That didn't come in and we didn't have the defense of usury after the motion in limine; but I wanted to be clear . . . if we had instructed on that, it isn't that the loan itself is void; it's that there's a remedy for illegal interest.

Finally, before the case was sent to the jury for deliberation, John voluntarily withdrew his own proposed jury instruction that related to usury. Based on John's failure to raise illegality as an affirmative defense, his failure to specifically delineate usury as a contention in the governing PTO, and his withdrawal of jury instructions relating to usury, he is precluded from asserting illegality based on usury on appeal.

¶14     John next argues the jury's verdict for constructive fraud should be overturned because the Allen and Linda did not plead fraud or constructive fraud with particularity as required by M. R. Civ. P. 9(b). Because the jury only returned a verdict for constructive fraud, we need not address the actual fraud issue John asserts.

¶15     Under § 28-2-406, MCA, constructive fraud is based in tort law and occurs when there is "any breach of duty that, without an actually fraudulent intent, gains an advantage

7

to the person in fault" or "any act or omission that the law especially declares to be fraudulent, without respect to actual fraud." A plaintiff must allege (1) a representation; (2) the falsity of that representation; (3) the materiality of the representation; (4) the speaker had knowledge of the representation's falsity or ignorance of its truth; (5) the hearer's ignorance of the representation's falsity; (6) the hearer's reliance upon the truth of that representation; (7) the hearer's right to rely on that representation; and (8) the hearer's consequent or proximate injury or damage caused by reliance on the representation. *Dewey v. Stringer*, 2014 MT 136, ¶ 9, 375 Mont. 176, 325 P.3d 1236. Additionally, no matter what was or was not initially plead, "[t]he pretrial order supersedes the pleadings, states the issues to be tried, and controls the subsequent course of the action. The purpose of the pretrial order is to prevent surprise, simplify the issues, and permit the parties to prepare for trial." *Ganoung v. Stiles*, 2017 MT 176, ¶ 28, 388 Mont. 152, 398 P.3d 282 (citations omitted); *see also* Admin. R. M. 24.5.318(2)(c) (2018).

¶16 Here, Allen and Linda filed their initial complaint on March 1, 2019. The initial complaint contained a cause of action for fraud but not constructive fraud. The District Court entered the controlling PTO on December 6, 2022; both parties signed and approved it. The controlling PTO expressly superseded the pleadings and set out both parties' claims and contentions. Among Allen and Linda's contentions were that "[John] perpetrated a constructive fraud." Appellees also put forth facts to support the elements of constructive fraud. Appellees alleged John entered a valid contract to pay Allen $64,875, John breached the contract by failing to fulfill the terms and pay such amount, and John made a promise that Allen and Linda relied on to their detriment. Thus, the controlling PTO superseded

8

the pleadings and put John on notice that Allen and Linda were alleging constructive fraud against him. It is clear John understood this and had opportunity to prepare his defense for trial as his contentions in the controlling PTO specifically aver "[John] did not perpetrate a constructive fraud." Because the PTO supersedes the pleadings and contained constructive fraud as a contention, John's argument fails. Although the appellees did not allege constructive fraud in their initial pleading, they did allege constructive fraud as set forth in the PTO, and thus the jury's verdict finding John liable for constructive fraud and the District Court's Judgment upholding that verdict were valid.

¶17 Next, John argues appellees cannot recover on a breach of contract claim and a constructive fraud claim when the sole duty identified in the constructive fraud claim is the duty not to breach the contract itself. According to John, when the actions arise out of the same events, there must be a duty independent of the breach of contract to implicate constructive fraud.

¶18 This Court has held that even when a cause of action is based in contract, tort damages are available for traditional contract-related torts, including fraud, fraudulent inducement, and tortious interference with a contract. *Dewey*, ¶ 14. "A fraud-based claim is not precluded by the fact that a party may also make a contract claim based on the same events." *Dewey*, ¶ 14.

¶19 Constructive fraud requires a plaintiff to establish a breach of duty that gains an advantage to the person at fault. Section 28-2-406, MCA. Precedent shows that:

> such a duty exists in fiduciary relationships, *Morrow v. Bank of Am.*, N.A.,
> 2014 MT 117, ¶ 63, 375 Mont. 38, 324 P.3d 1167; *Rowland v. Klies*, 223
> Mont. 360, 369, 726 P.2d 310, 316 (1986), certain commercial transactions,

9

*McJunkin v. Kaufman & Broad Home Sys.*, 22 Mont. 432, 439, 748 P.2d 910, 915 (1987), and other 'special circumstances,' *H-D Irrigating, Inc. v. Kimble Props., Inc.*, 2000 MT 212, ¶ 25, 301 Mont. 34, 8 P.3d 95 ('[S]pecial circumstances may exist where one party has acted to mislead the other in some way.').

*Dewey*, ¶ 15. Here, where John acted to mislead Allen and Linda by attempting to lead them to believe he was paying the loan balance in full when he did not have sufficient funds in the bank to do so provide such special circumstances. Additionally, "the allegedly fraudulent party must gain some advantage over a party to that party's prejudice." *Grizzly Sec. Armored Express, Inc. v. Bancard Servs.*, 2016 MT 287, ¶ 50, 385 Mont. 307, 384 P.3d 68. From our review of the record, the parties had full opportunity to present their evidence on the constructive fraud claim, the jury was properly instructed on the claim without objection, and there was sufficient evidence for the jury to conclude John benefitted gaining advantage over Allen and Linda such that the elements of the claim were satisfied.

¶20 Finally, John asserts that even if a claim for constructive fraud is established, there was insufficient evidence to support the damages awarded as the damages awarded were duplicative of the damages awarded for breach of contract. Allen and Linda assert this is not the case. They contend the jury heard evidence from Allen that he loaned John the money through an equity account, and that John made interest payments on that equity account, which cost him several hundred dollars per month and that he continued to make those interest payments from 2018 through 2020. Allen testified to having to reshuffle and sell assets to make things work, and that he lost sleep over it and experienced marital discord associated with it. Allen also testified to John benefitting by not repaying the

money but instead investing it in real estate. From our review of the record, we agree with Allen and Linda that the evidence presented at trial, when viewed in the light most favorable to them, was sufficient to support the jury's damage award for constructive fraud. *See Wyman v. Du Bray Land Realty,* 231 Mont. 294, 299, 752 P.2d 196 (1988) ("We will view the evidence in the light most favorable to the party prevailing at trial and, if the evidence conflicts, the credibility and weight given to the evidence is the province of the jury and not this Court." (citation omitted)).

¶21 Accordingly, the jury's award of $100,000 for constructive fraud and the District Court's Judgment upholding the verdict were not in error.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶23 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

11